UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WILLIAM J. MORRA, JR.,**

      **Plaintiff,**

v.                                                          Case No. 6:23-cv-719-CEM-EJK

**MONIQUE WORRELL,** *et al.***,**

      **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on a handwritten document (Doc. 1) filed by Plaintiff William J. Morra, Jr.

Although the document is largely unintelligible, it appears that Plaintiff sues Judge Keith A. Carsten, Assistant State Attorney Laura Demers, and Monique Worrell in connection with two criminal cases against him in Osceola County, Florida. Plaintiff claims that he is being held in unlawful conditions and that he suffers cruel and unusual punishment. (Doc. 1 at 1). He also states "no probable cause" and "false arrest" and claims "[no] subject matter jurisdiction." (Doc. 1 at 1, 2). Plaintiff seeks immediate release and to charge the Defendants as criminals. (Doc. 1 at 1).

Rule 3 of the Federal Rules of Civil Procedure provides that "[a] civil action is commenced by filing a complaint with the court." However, Plaintiff did not specifically title the document a civil complaint or a petition for writ of habeas corpus, and it is not clear from his statements whether he seeks to initiate a habeas action or a civil rights action. *See, e.g.*, *A.S.M. v. Donahue*, No. 7:20-CV-62 (CDL), 2020 WL 1847158, at *1 (M.D. Ga. Apr. 10, 2020) (citing *Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) (per curiam)) ("Although the Eleventh Circuit has not addressed the issue in a published opinion, an unpublished opinion in this Circuit has concluded that a petition for a writ of habeas corpus is not the appropriate mechanism for contesting a prisoner's conditions of confinement.").

Further, although the present document was used to open this case file, Plaintiff did not use the standard form to initiate this action. *See* Local Rule 6.04(a), M.D. Fla. (requiring *pro se* plaintiff prisoners to use the standard form to file a civil complaint or habeas petition). Nor did he comply with Rule 2(d) of *The Rules Governing Section 2254 Cases in the United States Courts*, which requires that the form of the habeas corpus petition be substantially in the form approved by the Judicial Conference of the United States.

Finally, Plaintiff did not pay the filing fee or move to proceed *in forma pauperis*. *See* 28 U.S.C. §§ 1914(a), 1915(a)–(b); Rule 3(a) of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Accordingly, it is **ORDERED** that:

1. This case is **DISMISSED without prejudice**. Plaintiff may refile his claims on a standard form in a new case with a new case number.

2. The Clerk of Court is directed to:

   a. Mail to Plaintiff the standard 28 U.S.C. § 2241 and 28 U.S.C. § 2254 habeas forms; the standard 42 U.S.C. § 1983 prisoner civil rights complaint form; and the standard prisoner affidavit of indigency form; and

   b. **CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida on April 24, 2023.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party